## CIRCUIT COURT OF STAFFORD COUNTY

Paul Duquette,
Adm'r of the Estate of
Rana Duquette,
Deceased

v.

Candice Renee Bohan
and Lawrence George Mullin

September 19, 1989

Case No. 288-89

By JUDGE JOSEPH E. SPRUILL, JR.

Plaintiff's decedent was injured in an auto accident and while being treated for her injuries was allegedly a victim of medical malpractice which caused her death.

Plaintiff initiated and settled an action against the hospital and treating physician in the medical malpractice claim and now sues to recover for his decedent's losses, pain, and suffering attributable to the injuries sustained in the auto accident.

Counsel for defendant Bohan moves for dismissal of this case claiming that plaintiff must proceed in accordance with Virginia Code § 8.01-50, the Wrongful Death Act. Bohan also contends that she is entitled to a setoff against any judgment against her in the amount of plaintiff's wrongful death settlement. Finally, Bohan asserts that

she and the jury are entitled to know the amount of this settlement.

The cases relied upon by Bohan to support her position seem to involve a single act of negligence and a single injury which results in death.

From the comments of counsel at a hearing on defendant's motions, we believe plaintiff's decedent (Mrs. Duquette) has two separate and independent claims against different defendants. From this hearing, we concluded that Bohan and the treating physician are not joint tortfeasors in the sense that their independent acts caused a single injury. Presumably, Mrs. Duquette sustained two separate injuries. Whether a physician's negligent acts cause a mere aggravation of the original injury or cause instead a separate and distinct injury should, as a general rule, be left to the determination of a jury. *Washington v. Williams*, 215 Va. 353 (1974). The Court should make such determination as a matter of law only if reasonable minds would not differ upon the meaning of facts necessary to reach a legal conclusion. We assume a hearing for this purpose is unnecessary.

If so, plaintiff should be allowed to pursue his claim against the defendants in this case. If, as Bohan insists, plaintiff must bring a wrongful death action, Bohan could rightly claim her negligence did not cause the death. Our reading of Virginia Code §§ 8.01-25, 8.01-50, and 8.01-56 supports this conclusion. Our interpretation is that a death by wrongful act proceeding is appropriate when death resulted from the act complained of. Such is not the case here.

It follows that Bohan is not entitled to a setoff in the amount of the plaintiff's wrongful death settlement. Nor does the Court believe that the jury should be informed of the amount of this settlement. It should have nothing to do with the issues the jury is to decide. However, we believe Bohan's counsel is entitled to know that plaintiff has not, in the malpractice settlement, received full satisfaction for all his decedent's injuries, including those sustained in the auto accident. *See Washington v. Williams*, 215 Va. 353 at 357. Therefore, we hold this settlement figure is properly discoverable and request plaintiff's counsel to reveal it to Bohan's counsel for this limited purpose.

44

The Motion to Dismiss is denied. The Motion to Compel is granted to the extent set forth herein.